UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tomeka Barnes,

    Plaintiff,

v.

City of Detroit, *et. al.*,

    Defendants.

_____/

Case No. 17-10315

Hon. Sean F. Cox

## ORDER GRANTING
## DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS
## (Doc. # 12 & Doc. # 25)

    This is a discrimination case. Plaintiff Tomeka Barnes ("Plaintiff") filed a *pro se* complaint against Defendants City of Detroit (the "City"), Kim Jones ("Jones"), and Dan Dierks ("Dierks") on February 1, 2017. (Doc. # 1, Pl.'s Compl.). Plaintiff is proceeding without prepayment of the filing fee for civil actions under 28 U.S.C. § 1915(a)(1). Plaintiff alleges that she has been discriminated against, in violation of Title VII, Michigan's Elliott Larsen Civil Rights Act, and the Americans with Disabilities Act.

    This matter is currently before the Court on two motions: Defendant City of Detroit's Motion for Judgment on the Pleadings (Doc. # 12, City's Mo.); and Defendants Jones' and Dierks' Motion for Judgment on the Pleadings (Doc. # 25, Def.s' Mo.). Both motions advance the same arguments in support of dismissal of the complaint: (1) Plaintiff's ADA and Title VII claims are time-barred; and (2) Plaintiff fails to plausibly allege a claim under the ELCRA.

    The City's motion has been fully briefed by the parties. Plaintiff has not filed a response

1

to Defendants Jones' and Dierks' motion and the time to do so has passed. The Court finds that oral argument would not significantly aid in the decisional process and therefore orders that the instant motion will be decided upon the briefs. *See* E.D. Mich. LR 7.1(f). For the reasons that follow, the Court **GRANTS** Defendants' motions.

## BACKGROUND

Plaintiff filed this *pro se* action on February 1, 2017. Plaintiff alleges that she has been discriminated and retaliated against by Defendants, in violation Title VII of the Civil Rights Act, Michigan's Elliott Larsen Civil Rights Act ("ELCRA"), and the Americans with Disabilities Act ("ADA"). Plaintiff's complaint specifically alleges:

> I have a disability. I have requested from my employer, a reasonable accommodation. I was denied without a good reason. I was then harassed and discriminated against. I was then fired, due to discrimination and retaliation for my disability and request for an accommodation. I believe my sex also lead the employer to target me and fire me. I am suing for discrimination and hostile work environment, under the ADA ... Civil Act, Tittle [sic] VII and Elliot [sic] Larsen Civil Rights Act for illegal conduct due to my disability and sex (female).

(Pl.'s Compl. at Pg ID 5). Plaintiff alleges that the discriminatory acts occurred "from 2015 through January 2016." (*Id.*). Plaintiff further alleges that she received a Notice of Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC") on November 2, 2016. Plaintiff does not attach a copy of the right-to-sue letter to her complaint.

In lieu of filing an Answer, Defendant City of Detroit filed a Motion for Judgment on the Pleadings. (Doc. # 12). Defendants Kim Jones and Dan Dierks also filed a Motion for Judgment on the Pleadings.[1] (Doc. # 25). Attached to Defendants' motions is a copy of the right-to-sue

---

[1] Defendants Jones and Dierks assert that they have not been properly served by Plaintiff. They have agreed, however, to waive service in order to avoid unnecessary expense or delay.

letter and the letter's USPS tracking information.

Plaintiff has filed an amended response to the City's motion. (Doc. # 17, Pl.'s Am. Resp.). In her amended response, Plaintiff recites a string of factual allegations not contained in her complaint. Plaintiff also attaches 9 exhibits to her amended response that are not attached to her complaint. Plaintiff's new factual allegations relate largely to her disability and requests for accommodation. The Court will briefly summarize the facts in Plaintiff's amended response below.

According to the amended response, Plaintiff began employment with the City of Detroit as a Transit Equipment Operator in 1996. (*Id*. at Pg ID 105). Plaintiff claims that she was involved in an accident in 2013 and that she sustained cervical and lumbar disc displacement as a result. (*Id*.). In 2015, Plaintiff's doctor allegedly submitted a request for accommodation asking that Plaintiff only drive coaches that were not equipped with the Recaro brand seat. (*Id*. at Pg ID 106). Plaintiff claims that she was not accommodated.

Plaintiff further states that she began to experience incidents of discrimination, hostility, and harassment as a result of her disability. (*Id*.). Some of these incidents include city employees interfering with Plaintiff's ability to park in a designated handicapped parking space. (*Id*. at Pg ID 107). Plaintiff claims she complained to no avail.

Plaintiff also states that on December 11, 2015, she informed her Station Manager (Beverly Holmes) that a male co-worker had violated the dress code. (*Id*. at Pg ID 110). Plaintiff claims that she had previously been "admonished" for violations of the dress code, and that after she brought this discrepancy up to Holmes, Plaintiff was met with hostility and harassment. (*Id*.).

On January 8, 2016, while Plaintiff was operating a bus, an irate passenger caused a disturbance and threatened to kill Plaintiff. (*Id*.). The passenger and Plaintiff allegedly fought over the steering wheel and the bus subsequently crashed. (*Id*.). This incident ultimately resulted in Plaintiff's termination. Defendant Dierks sent a Notice of Discharge Form to Plaintiff on February 11, 2016. (*Id*. at Pg ID 111). Dierks stated that Plaintiff handled the incident in a grossly negligent manner. Plaintiff claims that she was not negligent. (*Id*.). According to Plaintiff, Defendants Dierks and Jones used the January 8, 2016 incident as an excuse to terminate Plaintiff for issues involving her disability and her complaints of gender discrimination. (*Id*.).

In the instant motions, Defendants all argue that Plaintiff's claims should be dismissed on two grounds. First, Defendants argue that Plaintiff's Title VII and ADA claims must be dismissed because she filed her complaint outside the 90-day limitations period. Second, Defendants argue that Plaintiff has failed to state a claim for relief under ELCRA.

**STANDARD**

As a threshold matter, the Court notes that while Defendants title their motions as motions for judgment on the pleadings (which would be governed by Rule 12(c)), Defendants' briefs indicate that they seek dismissal pursuant to Rules 12(b)(1) and 12(b)(6).

When presented with a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the party invoking federal jurisdiction bears the burden of proving it. *Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir. 2005). Subject-matter jurisdiction may be challenged facially or factually. *Ohio Nat'l Life Ins. Co. v. U.S.* 922 F.2d 320, 325 (6th Cir. 1990). A facial attack on subject-matter jurisdiction questions the sufficiency

4

of the pleadings. *Id.* When evaluating a facial attack, the Court looks to whether the plaintiff has alleged a basis for subject matter jurisdiction and takes all allegations plead in the complaint as true. *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). However, under a factual attack, the Court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction. *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "[N]o presumptive truthfulness applies to the complaint's allegations, and [the court] must weigh conflicting evidence." *Id.*

When deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff and must accept all the factual allegations contained in the complaint as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).

In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint needs to contain only "enough facts to state a claim for relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Twombly*, 550 U.S. at 557. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. With this backdrop in mind, courts should hold *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint

and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein."[2] *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997); *see also Yeary v. Goodwill Industries-Knoxville, Inc.*, 107 F.3d 443, 445 (6th Cir. 1997) (finding that the consideration of other materials that "simply filled in the contours and details of the plaintiff's [second amended] complaint, and added nothing new" did not convert motion to dismiss into a motion for summary judgment).

## ANALYSIS

### A. Plaintiff's Title VII and ADA Claims Are Time-Barred

Defendants argue that the Court should dismiss Plaintiff's Title VII and ADA claims because these claims were filed outside the 90-day limitations period. The Court agrees.

Prior to filing a suit in federal court under Title VII or the ADA, a plaintiff must first file a charge of employment discrimination with the EEOC. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003); *Parry v. Mohawk Motors of Mich.*, Inc., 236 F.3d 299, 309 (6th Cir. 2000). After investigation, the EEOC will either file suit on behalf of the plaintiff or it will issue a right-to-sue letter. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). Upon receiving the right-to-sue letter, a plaintiff has 90 days to bring a federal suit alleging claims under Title VII and/or the ADA. 42 U.S.C. § 2000e–5(f)(1); 42 U.S.C. § 12117(a). "Because it is not jurisdictional, this requirement, similar to a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Rucker v. Potter*, 215 F. App'x 406, 407-08

---

[2] The exhibits attached to Defendants' motions may be considered by the Court because they are either referenced in Plaintiff's Complaint or are central to the claims alleged therein.

(6th Cir. 2007). Importantly, though, equitable tolling is only available under compelling circumstances. *Id.* (citing *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989)).

Plaintiff's Title VII and ADA claims are time-barred. Plaintiff admits that her right-to-sue letter was sent by certified mail and is dated October 12, 2016. (*See* Ex. 1 to Def.'s Mo.). The United States Postal Service Tracking Information indicates that the letter was delivered on October 19, 2016. (Ex. 3 to Def.'s Mo.). However, Plaintiff alleges that she did not actually receive the letter until November 2, 2016. Assuming that the tracking information is incorrect, and accepting Plaintiff's factual allegations as true, Plaintiff's claims are still time-barred. In order for Plaintiff's Title VII and ADA claims to be timely, Plaintiff must have commenced suit in this court no later than January 31, 2017 (*i.e.*, 90 days from the date of Plaintiff's alleged receipt of the letter). Here, Plaintiff initiated suit on February 1, 2017 – 91 days after she allegedly received the letter. *See Peete v. American Standard Graphic*, 885 F.2d 331, 331-32 (6th Cir. 1989) (affirming dismissal of Title VII claim that was brought 91 days after Plaintiff's receipt of EEOC right-to-sue letter); *McGhee v. Disney Store*, 53 Fed. App'x 751, 752 (6th Cir. 2002) (affirming dismissal of an ADA claim that was brought 92 days after *pro se* Plaintiff's receipt of right-to-sue letter).

In her response to the City's motion, Plaintiff does not deny that her Title VII and ADA claims are time-barred. Instead, Plaintiff merely asserts that she "is prepared to present theories of waiver, equitable tolling, or estoppel at oral argument which may assist this Honorable Court in concluding that ... the deadline should be extended under the doctrine of equitable tolling." (Pl.'s Resp. at 3; Pl.'s Am. Resp. at 12). Plaintiff has failed to establish that she is entitled to equitable tolling. Plaintiff provides no explanation for why she commenced the instant action

past the 90-day deadline. Nor can Plaintiff claim that she was unaware of the 90-day deadline since the right-to-sue letter mentioned the deadline three times.

Under these circumstances, equitable tolling is unavailable. *See Rucker*, 215 F. App'x at 408 (finding dismissal appropriate where plaintiff had not offered "any basis for a finding that [his case] is the type of compelling case to which application of equitable tolling is appropriate"). As such, Plaintiff's Title VII and ADA claims are dismissed as untimely.

**B.     Plaintiff Elliot Larsen Civil Rights Act Claim**

With respect to Plaintiff's ELCRA claim, the Court concludes that Plaintiff has failed to state a claim upon which relief can be granted. The ELCRA prohibits an employer from discriminating against a person "because of religion, race, color, national origin, age, sex, height, weight, or marital status." M.C.L.A. 37.2202(1)(a). Here, Plaintiff alleges that she was discriminated against, in part, because of her gender. However, Plaintiff's complaint fails to allege any facts from which the Court could infer discrimination on the basis of gender.

Even the allegations in Plaintiff's amended response do not permit the Court to reasonably draw an inference of gender discrimination. Plaintiff includes one paragraph in her amended response, which could liberally be construed as a relating to her ELCRA claim:

> On December 11, 2015, Plaintiff filed a complaint with the City's Interdepartmental Communication Operating Division wherein she stated that she was harassed by Station Manager Beverly Holmes ("Holmes"). Plaintiff addressed a violation of the dress code by a male co-worker. Plaintiff was previously admonished for "violation of the dress code" in a similar fashion. When she brought the discrepancy up to Ms. Holmes' attention, she was met with hostility and harassment.

(Pl.'s Am. Resp. at Pg ID 110). This paragraph does not permit the Court to plausibly infer gender discrimination. And to the extent that Plaintiff relies on Exhibit 7 to the amended

response, she fares no better.  Exhibit 7 is a handwritten statement submitted to the City of Detroit, signed and dated December 11, 2015, complaining of harassment by Beverly Holmes. Plaintiff's December 11, 2015 statement makes no mention of harassment on the basis of gender. As such, the Court dismisses Plaintiff's ELCRA claim for failure to state a claim.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS** Defendant City of Detroit's Motion for Judgment on the Pleadings (Doc. # 12) and Defendants Jones' and Dierks' Motion for Judgment on the Pleadings (Doc. # 25).  The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Dated: July 19, 2017                              s/Sean F. Cox
                                                  Sean F. Cox
                                                  U. S. District Judge


I hereby certify that on July 20, 2017, the foregoing document was served on counsel of record via electronic means and upon Tomeka Barnes via First Class mail at the address below:

Tomeka Barnes
9307 Pickwick Cir.
Taylor, MI 48180

                                                  s/J. McCoy
                                                  Case Manager